The State of Ohio, Appellee, v. Bohler, Appellant.

(No. S-76-21—Decided March 25, 1977.)

Mr. L. Paul Albrechta, for appellant.

Mr. John D. Shimp, prosecuting attorney, for appellee.

Brown, J. Defendant Lawrence Bohler, appeals from a conviction and sentence in the Sandusky County Common Pleas Court for transporting a loaded firearm in a motor vehicle, a violation of R. C. 2923.16(C).

Originally, defendant was indicted by the Grand Jury

for knowingly concealing a deadly weapon on his person, a violation of R. C. 2913.12. Thereafter, defendant filed a motion to suppress the evidence, namely, the weapon that had been seized. The trial court overruled the motion to suppress. The defendant then entered a "no contest" plea to the first degree misdemeanor violation of transporting a loaded firearm in a motor vehicle. On the "no contest" plea to the charge, the trial court found the defendant guilty and sentenced him to six months in jail and a $1,000 fine.

The only error claimed by defendant is that the trial court denied the motion to suppress the evidence. The claimed error and contention of defendant is without merit. We affirm.

The essential facts leading to the arrest and conviction of defendant are as follows: Defendant was riding in a car operated by his friend, Raymond Barron, on U. S. 20 near Fremont, Ohio. Ohio State Highway Trooper McClain, proceeding on U. S. 20, observed the Barron car speeding, followed it into the parking lot of the Question Mark Tavern on the north side of U. S. 20, and stopped behind it. When the Trooper stopped, he observed defendant as a passenger sitting close to the right side and Raymond Barron to the right of the passenger, with no one in the driver's seat. He testified he did not know at that point which occupant was the driver, but observed both occupants acting suspiciously and making unusual hand movements inside the vehicle. He ordered both men out of the vehicle, the defendant to the left rear corner and Barron to the right rear corner of the car. After that he patted down each of them, namely, gave each a quick body search for weapons for his own protection.

Then, as Trooper McClain took approximately three steps from the defendant toward the driver's side of the Barron automobile in an attempt to secure it, he noticed defendant making unusual movements. The defendant moved his body back and forth and kicked his right leg. At that point Trooper McClain walked back toward the defendant and observed a revolver on the ground. He testified that the revolver was sticking from defend-

ant's pant leg, and seventy percent of the barrel or cylinder section was underneath the pant leg. Thereupon, the trooper arrested and handcuffed defendant and advised him that he was under arrest for carrying a concealed weapon. The gun was loaded with live ammunition.

The trooper explained that he brought both men to the rear of the Barron car for a frisking or "pat down" because he was concerned for his own safety and for that reason defendant was ordered away from the car door to the rear of the car.

On the factual sequence in this case, Officer McClain had a right to frisk the defendant and, upon observing a gun on defendant's person, to arrest him for carrying a concealed weapon and to seize the weapon incident to such lawful arrest. The procedure followed by the trooper was good police investigative work and perfectly valid.

Under the circumstances herein, it is reasonable and lawful for such officer to take measures to determine whether that person is, in fact, carrying a weapon and thereupon to neutralize the threat of harm. This right of an officer to protect himself by a frisk or body search of a suspicious person where he has a reasonable basis for fearing for his own safety applies to a confrontation with a speeding motorist or his passenger where either or both of them make movement by changing seats to conceal the identity of the driver and such other movements as to arouse suspicion. *United States* v. *Tharpe* (C. A. 5, 1976), 536 F. 2d. 1098; *United States* v. *Green* (C. A. D. C. 1972), 465 F. 2d 620; *State* v. *Coles* (1969), 20 Ohio Misc. 12; *see also Terry* v. *Ohio* (1968), 392 U. S. 1, and *State* v. *Massey* (1975), 49 Ohio App. 2d 272.

Secondly, Trooper McClain did not seize the gun incident to a search of the defendant. The gun was in plain view of the officer after he had taken three steps away from defendant. Officer McClain's initial intrusion was proper by reason of a speeding violation and his discovery of defendant's gun was inadvertent. Evidence found by a police officer within his plain view is admissible when such officer, in pursuit of his law enforcement responsibilities, has a

right to be where he is when he sees such evidence within his plain view. *Coolidge* v. *New Hampshire* (1971), 403 U. S. 443; *State* v. *Mathews* (1976), 46 Ohio St. 2d 72; *Sibron* v. *New York* (1968), 392 U. S. 40; *Henry* v. *United States* (1959), 361 U. S. 98; *Carroll* v. *United States* (1924), 267 U. S. 132; *People* v. *Superior Court* (1970) 3 Cal. 3d 807, 478 P. 2d 449, and other cases cited by defendant upon which he heavily relies, do not factually involve the plain view situation, and for other reasons are inapposite to the facts in the present case.

The judgment of the Sandusky County Common Pleas Court is affirmed.

*Judgment affirmed.*

CONNORS and WILEY, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.