**The STATE of Ohio, Appellant,**

v.

**MASON, Appellee.**

[Cite as *State v. Mason* (1996), 115 Ohio App.3d 187.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 154.

Decided Nov. 8, 1996.

*James A. Philomena,* Mahoning County Prosecuting Attorney, and *Michele G. Cerni,* Assistant Prosecuting Attorney, for appellant.

*Stuart J. Banks,* for appellee.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Mahoning County Common Pleas Court, sustaining the motion to suppress filed by defendant-appellee, Darrell Mason.

In the early morning hours of August 14, 1994, two police officers from the Youngstown Police Department observed appellee driving north on Glenwood Avenue in the city of Youngstown, Mahoning County, allegedly at a high rate of speed. The officers pulled out from a side street in their police cruiser and followed appellee until he turned onto High Street, a high crime area, at which time the officers initiated a traffic stop. When appellee was asked to produce his driver's license, he indicated that he did not have it on him.

Appellee was asked to step out of his vehicle, as the officers intended to place him in the back seat of their police cruiser in order to issue the appropriate traffic citation. Prior to placing appellee in the police cruiser, one of the police officers conducted a patdown search of appellee's person. The patdown search revealed a 9mm pistol in appellee's front waistband. As a result of this discovery, appellee was arrested for carrying a concealed weapon in violation of R.C. 2923.12 and having a weapon under disability in violation of R.C. 2923.13.

A preliminary hearing was waived by the appellee in the Youngstown Municipal Court on August 22, 1994. This matter was then bound over to the Mahoning County Grand Jury and an indictment was issued against appellee on September 9, 1994. Appellee pled not guilty and thereafter filed a motion to dismiss or, in

the alternative, to suppress any evidence of the concealed weapon, alleging that it was the product of an illegal search.

On June 6, 1995, a hearing was held before the trial court on appellee's motion and after taking the matter under consideration, the trial court filed its judgment entry on June 12, 1995, sustaining the motion. In its judgment entry, the trial court acknowledged the legality of the traffic stop but ruled that the police officers had no authority to conduct a patdown search of appellee. It is from this decision that the appeal of plaintiff-appellant, state of Ohio, emanates.

Appellant's sole assignment of error on appeal alleges:

"As a police officer may conduct a pat-down search prior to placing an individual in a police cruiser, the trial court erred (1) finding that the concealed weapon was the product of an illegal search and (2) suppressing that evidence."

The fact that appellee was initially pulled over for speeding, a lawful basis for a traffic stop, is uncontested. Following the initial traffic stop, appellee was unable to produce a driver's license or any other form of identification.

Pursuant to R.C. 4507.35, a police officer has the authority to request a driver of a lawfully stopped motor vehicle to display a driver's license or furnish satisfactory proof that he or she has a license. The provision also states:

"[F]ailure to furnish satisfactory evidence that such person is licensed under sections 4507.01 to 4507.30 of the Revised Code when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license."

R.C. 2935.03 authorizes a municipal police officer to arrest and detain a person violating a state law or municipal ordinance. Appellee was initially stopped for speeding, a violation of R.C. 4511.21. A violation of R.C. 4511.21 is currently punishable under R.C. 4511.99(D) as a minor misdemeanor. Although an issuance of a citation for a minor misdemeanor is the general rule, R.C. 2935.26(A) explicitly authorizes the police officer to make an arrest under certain exceptional circumstances. One such circumstance, R.C. 2935.26(A)(2), occurs when an offender cannot or will not offer satisfactory evidence of his or her identity.

The facts of this case are similar to those in *State v. Evans* (1993), 67 Ohio St.3d 405, 618 N.E.2d 162. In *Evans, supra,* the defendant was pulled over because of a burned-out headlight, which served as a lawful basis for the stop. The arresting officer then advised defendant as to why he had been stopped and asked defendant to produce his driver's license. Defendant could not produce his driver's license at that time. Both arresting officers testified that a patdown search was conducted because the officers were going to detain the defendant in their patrol car due to defendant's inability to produce a driver's license. In *Evans, supra,* there was also evidence that while questioning the defendant in

connection with the traffic violation, the officers received a broadcast over their portable radios indicating that an individual who had just made a drug transaction was in the area. The officers observed the defendant's clothing and car matched the description of the individual described in the radio broadcast.

The *Evans* court held:

"We recognize that one of the realities of police work is that an officer's conduct is not always guided by a single objective. An additional motive, later determined to be improper, will not taint an otherwise lawful search. Here, the officers' pat-down search of defendant was in accordance with standard police procedure which dictates that protective measures be taken before a person is to be held in the back seat of a squad car. A determination as to the reasonableness of a particular police procedure depends 'on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers.' *United States v. Brignoni–Ponce* (1975), 422 U.S. 873, 878, 95 S.Ct. 2574, 2579, 45 L.Ed.2d 607, 614–615. Certainly, it is reasonable that the officer, who has a legitimate reason to so detain that person, is interested in guarding against an ambush from the rear. 'A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement.' *[State v.] Andrews* [ (1991) ], *supra,* 57 Ohio St.3d [86] at 88, 565 N.E.2d [1271] at 1273.

"We, therefore, find that the police officers' proffered justification in patting down the driver—their own personal security—is legitimate. When balanced against the driver's minimal privacy interests under these circumstances, we can only conclude that the driver of a motor vehicle may be subjected to a brief pat-down search for weapons where the detaining officer has a lawful reason to detain said driver in the patrol car. *Terry* wisely instructs that 'it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties.' *Terry [v. Ohio* (1968) ], 392 U.S. [1] at 23, 88 S.Ct. [1868] at 1881, 20 L.Ed.2d [889] at 907. The state's obligation not to violate the individual's Fourth Amendment rights does not command that the police officer forsake reasonable precautionary measures during the performance of his duties."

In the case at bar, appellee did not produce a driver's license after being lawfully stopped for a speeding violation; therefore, the officers were statutorily authorized to arrest appellee under R.C. 2935.26(A)(2), which justified the police officers' intent to place appellee in the back seat of the patrol car. Once the officers had a legitimate reason to detain appellee in the back seat of the patrol car, a brief patdown search as a preventive protective measure was warranted.

The trial court's decision to sustain appellee's motion to suppress is hereby reversed, and the cause is remanded for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

Joseph E. O'Neill, P.J., and Gene Donofrio, J., concur.