Defendant-appellant Robert A. Brown, who entered a plea of no contest to a charge of possession of cocaine, appeals from his ultimate conviction, arguing the trial court erred in overruling his motion to suppress evidence. Appellant contends the state provided an insufficient basis upon which to justify appellant's arrest and the subsequent search of his car. This court finds the trial court's order was appropriate; therefore, appellant's conviction is affirmed.
The record reflects appellant was driving his car in the City of Cleveland on the evening of May 23, 1997, proceeding westbound on Matherson Avenue. A Cleveland Police Department zone car was behind him; the officers, Schroeder and Pitts, were on routine patrol in the area, which was the subject of complaints of drug activity.
When appellant reached the intersection of Matherson with West 13Oth Street, he stopped at the stop sign, then turned right, or northbound, without signaling. The police officers decided to cite appellant for this infraction, so they stopped him. Pitts also noticed as he approached appellant's car that the car's muffler was "loud." Moreover, when he asked appellant, who was not wearing a seat belt, for his driver's license, appellant could not produce it.
Appellant provided his social security number; Pitts radioed dispatch and was informed that a person with appellant's name had a valid Ohio driver's license. Pitts also learned, however, appellant was the subject of a "warrant" with the City of Lakewood, Ohio. Based upon all these factors, Pitts decided to arrest appellant.
Appellant was patted down and placed in the zone car. Since no one else was in appellant's car, the officers had to radio for a tow truck. Before the truck arrived, appellant's car was searched pursuant to police department policy, which required an inventory of the unsecured areas of the car in order to protect the officers and the towing company of any later claims of theft asserted by the owner of the vehicle. While searching appellant's car pursuant to this policy, Pitts discovered a "crack pipe" with suspected cocaine residue under the driver's seat.
Appellant was transported to the station, cited for the traffic violations, and subsequently charged with violation of R.C.2925.11, possession of cocaine in an amount one gram or less.
Appellant later filed a motion to suppress evidence. At the hearing on the motion, the state presented the testimony of Pitts, the trial court heard arguments on the motion, and the trial court then overruled it.
The trial court indicated the basis for its order as follows: (1) R.C. 2935.26(A)(2) permitted the officers to make an arrest for a minor misdemeanor since appellant failed to offer "satisfactory evidence of his identity" and (2) since the arrest was lawful, the officers had both a right and a responsibility to conduct an inventory search before permitting appellant's vehicle to be towed.
Thereafter, appellant entered a no contest plea to the charge and was found guilty of it by the trial court.
Appellant filed a timely appeal from his conviction and sentence. He presents the following assignment of error for this court's review:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS'S MOTION TO SUPPRESS THE EVIDENCE OF THE SEARCH OF HIS VEHICLE.
Appellant argues the trial court erred in overruling his motion to suppress evidence, contending that on the facts of this case, R.C. 2935.26(A)(2) provided an inadequate basis upon which to justify his arrest and the subsequent search of his car. This argument is unpersuasive.
In support of his argument, appellant relies upon cases from the Second District Ohio Court of Appeals, viz., State v.Satterwhite (Sep. 5, 1997), Montgomery App. No. 16144, unreported and State v. Terry (Feb. 28, 1997), Montgomery App. No. 15796, unreported. A review of the facts of those cases reveals they are distinguishable from those in this case.
In Satterwhite, the defendant was on foot in a high-crime area and was stopped merely for jaywalking after the officer noticed defendant's hand was "clenched." When defendant failed to provide documentary proof of his identity, he was "patted down" and found to be carrying drugs on his person. Using the police car's computer, the officer subsequently was able to verify the defendant's "social security number, name, and physical description."
In Terry, the officer responded to an area where another officer suspected a woman had made a drug deal; once there, he saw a car with a female passenger. The driver of the car made minor traffic infractions as the officer observed it. When the officer stopped the car, the passenger could not produce proof of her identity, so he detained her; eventually, she confessed to having a rock of cocaine in her mouth.
A review of the foregoing opinions demonstrates the appellate court's concern was that the arrests made pursuant to R.C.2935.26(A)(2) actually were pretextual in nature. Cf., Dayton v.Erickson (1996), 76 Ohio St.3d 3. That implication does not exist in the case sub judice.
The defendant in Satterwhite was not provided with theopportunity to produce evidence of his identity until after his arrest for a misdemeanor offense. The defendant in Terry had not been driving the car; hence, she had not committed the misdemeanors. In this case, appellant not only had committed minor misdemeanor offenses, he also was the subject of an outstanding warrant for his arrest. Under the circumstances, it would have been improper for the officers to have permitted appellant to leave.
Furthermore, although the facts of the cases upon which appellant relies thus readily are distinguishable from those of this case, it is also significant to note the Seventh District has not been so limiting in reviewing a police officer's discretionary authority pursuant to R.C. 2935.26(A)(2).
In State v. Mason (1996), 115 Ohio App.3d 187, the Mahoning County Court of Appeals held that since R.C. 4507.35 permits a police officer to request the driver of a lawfully stopped motor vehicle to either display a driver's license or furnish satisfactory proof of the possession of one, and since R.C.2935.26(A)(2) permits the officer to arrest an individual for a minor misdemeanor if the individual does not offer "satisfactory" proof of his or her identity, the officer was "statutorily authorized" to make the arrest. Since the arrest was lawful, the subsequent protective search was also justified. The court citedState v. Evans (1993), 67 Ohio St.3d 405 as the basis for its decision.
Based upon the facts of this case, the authority of Mason
clearly is more persuasive than the position taken in its unreported opinions by the Second District.
Appellant herein had made an illegal turn, had a noisy muffler, was not wearing a seatbelt, could not produce a photographic identification and, finally, was the subject of an outstanding arrest warrant. The final factor certainly justified the officers' actions.
Photographic identification often is necessary merely to make a purchase at a store; it seems unreasonable, therefore, as appellant suggests, to require a police officer simply to accept a social security number as proper identification of a person when the officer already has observed the person committing traffic offenses and, moreover, is informed the person is the subject of an arrest warrant.
R.C. 2935.26(A)(2) expressly permits the officer to make an arrest under these circumstances. State v. Mason, supra; see, also, Dayton v. Erickson, supra. Once appellant was lawfully arrested, an inventory search of his car before towing it also was reasonable. State v. Bronaugh (1984), 16 Ohio App.3d 237;cf., State v. Thompson (1996), 116 Ohio App.3d 740.
Accordingly, appellant's assignment of error is overruled.
The trial court's order and appellant's conviction are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J. and JAMES D. SWEENEY, J., CONCUR
 ________________________________ JUDGE KENNETH A. ROCCO