OPINION
Defendant-appellant, Michael Eugene Lathan, appeals the Hamilton Municipal Court's decision overruling his motion to suppress. Appellant also appeals the trial court's decision imposing a fine.
On February 27, 1998, Police Officer Joey Thompson observed a van driving through the city of Hamilton, Ohio with a missing headlight. Thompson testified that he stopped the van and asked the driver, appellant, for his license. Appellant responded that he did not have his license. Thompson then asked appellant to step from the vehicle. For his safety, Thompson began a pat-down search of appellant's person. Thompson testified that appellant became very uncooperative. Thompson stated that appellant continued to spin around and would not let Thompson complete the pat-down search.
Thompson placed appellant under arrest for obstructing official business and placed him in the back of his cruiser. At that point, Thompson began an inventory search of appellant's vehicle, preparing the vehicle to be impounded. During the inventory search, a marijuana cigarette and rolling papers were found within the passenger compartment of the van. Appellant's license was also found in the passenger compartment. Appellant was taken to the police station. Marijuana and rolling papers were found on appellant's person when he was searched at the Hamilton police station.
On March 23, 1998, appellant filed a motion to suppress and/ or dismiss, arguing that the police lacked probable cause to search his vehicle and his person. The motion was heard on March 26, 1998 and was overruled.
The case proceeded to a bench trial on August 10, 1998. Thompson provided similar testimony to that which he gave at the hearing on appellant's motion to suppress. Thompson testified that marijuana and rolling papers were discovered in appellant's van during the inventory search. Thompson also testified that additional marijuana and rolling papers were found on appellant's person when he was searched at the police station.
At trial, appellant testified that he had fully cooperated with Thompson. Appellant testified that Thompson never asked him to produce his license. Therefore, appellant argued that he could not be said to have failed to produce his license when asked. Appellant also testified that he did not refuse the pat-down search by Thompson.
The trial court found appellant guilty of obstructing official business in violation of Hamilton Codified Ordinances 525.07, drug abuse in violation of Hamilton Codified Ordinances 513.03, and possession of drug paraphernalia in violation of Hamilton Codified Ordinances 513.12. On the obstructing charge, the court sentenced appellant to ninety days in jail, all of which was suspended upon the condition of one year of reporting probation. The court also imposed a $305 fine for obstructing. On the drug abuse charge, the court sentenced appellant to thirty days in jail, all of which was suspended upon the condition of one year of probation. The court also imposed a $100 fine for drug abuse. On the possession charge, the court imposed a $50 fine. Appellant filed this appeal raising two assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY FAILING TO SUSTAIN APPELLANT'S MOTION TO SUPPRESS AND/OR MOTION TO DISMISS.
"When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's factual findings, relies upon the trial court's ability to assess the credibility of witnesses, and independently determines, `without deference to the trial court, whether the trial court has applied the appropriate legal standard.'" State v. Baker (1997),118 Ohio App.3d 654, 658, quoting State v. Anderson (1995),100 Ohio App.3d 688, 691. When ruling on a motion to suppress evidence, the trial court assumes the role of the trier of fact and is in the best position to evaluate witness credibility and weigh the evidence. State v. Heitzenrater (Dec. 7, 1998), Butler App. No. CA 98-06-119, unreported, at 3, citing State v. Fanning
(1982), 1 Ohio St.3d 19, 20. An appellate court may not disturb the trial court's decision on a motion to suppress where the decision is supported by substantial evidence. Maumee v. Johnson (1993),90 Ohio App.3d 169, 171.
Appellant does not dispute that the stop of his vehicle was lawful. Appellant argues that the subsequent search was unconstitutional because Thompson had no reason to arrest him. Appellant's sole support for this argument is his testimony that he was completely cooperative with Thompson at all times. Appellant therefore argues that Thompson had no reason to arrest him for obstructing official business.
After weighing the testimony of Thompson against that of appellant, the trial court found Thompson's testimony to be more credible. Thompson testified that appellant refused to produce his license upon request. As such, Thompson was justified in asking appellant to exit the vehicle and subjecting appellant to a pat-down search. See State v. Mason (1996), 115 Ohio App.3d 187,190, citing State v. Evans (1993), 67 Ohio St.3d 405. Appellant refused to allow Thompson to conduct the pat-down search. Therefore, the trial court's determination that appellant's arrest for obstructing official business was lawful is supported by substantial evidence.
After appellant's arrest, Thompson began an inventory search to prepare appellant's vehicle to be impounded. A lawful inventory search of a vehicle is a well-defined exception to the warrant requirement of the Fourth Amendment. State v. Hathman
(1992), 65 Ohio St.3d 403, paragraph one of the syllabus. Therefore, appellant's argument that Thompson lacked probable cause is without merit. Further, appellant has failed to establish that the inventory search was conducted in bad faith, or that it was not conducted in accordance with reasonable standardized procedures. See id. We find that Thompson's discovery of the marijuana and rolling papers occurred during a lawful inventory search of appellant's van. Therefore, the trial court correctly denied appellant's motion to suppress, and appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED DURING SENTENCING BY FAILING TO ASSESS APPELLANT'S ABILITY TO PAY BEFORE DETERMINING FINES.
In this assignment of error, appellant asserts that the trial court failed to abide by the requirements of R.C. 2929.22 because the court imposed fines upon appellant without first assessing appellant's ability to pay.
R.C. 2929.22 provides:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider * * * the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
* * *
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents * * *.
R.C. 2929.22(C) lists certain criteria which weigh against imposing imprisonment for a misdemeanor. Concerning these criteria, it has been stated that "[w]hile it is preferable, there is no requirement that the court state on the record that is has considered the statutory criteria or discussed them." State v.Polick (1995), 101 Ohio App.3d 428, 431. Further, "a silent record raises the presumption that the court correctly considered the appropriate sentencing criteria." State v. Sheppard (May 19, 1999), Ashland App. No. 98-COA-01278, unreported, citing State v.Adams (1988), 37 Ohio St.3d 295.[1]
The record does not contain any statement that the trial court considered the statutory criteria. However, the record does not contain any indication that the trial court failed to consider the statutory criteria, and we presume the court acted properly. See Polick at 431. Therefore, we find that the trial court's imposition of jail time for a misdemeanor was appropriate.
With regard to the imposition of fines in addition to a term of imprisonment, the Polick court stated as follows:
 Contrary to the presumption afforded the trial court on a silent record under R.C. 2929.22(C) and R.C. 2929.12(C), we believe R.C. 2929.22(E) and (F) impose an affirmative duty upon the court to justify its decision to impose both a fine and imprisonment for a misdemeanor. * * * Without some inquiry and/or explanation, however brief, we are unable to effectively review the court's decision.
Id. at 432. Likewise, this court has previously held that, under R.C. 2929.22(F), the sentencing court "is under a mandatory duty to consider the factors set forth in the statute and the failure to do so amounts to an abuse of the court's discretion." State v.Stevens (1992), 78 Ohio App.3d 847, 851.
The record reveals that the trial court made no inquiry regarding appellant's current employment status, his education and training, or his ability to pay the fines without undue hardship. We find that the trial court abused its discretion by imposing a fine without making the necessary findings under R.C. 2929.22(F). Appellant's second assignment of error is sustained.
Although appellant did not raise the lack of findings under R.C. 2929.22(E) in this appeal, we find that the trial court also has an affirmative duty to make these findings on the record. Therefore, this matter is remanded to the trial court for findings under R.C. 2929.22(E) to support the imposition of both a prison term and a fine, and findings under R.C. 2929.22(F) regarding appellant's ability to pay.
Judgment affirmed in part, reversed in part, and cause remanded.
POWELL, P.J., and YOUNG, J., concur.
[1] We note that prior to July 1, 1996, a silent record was also construed to support felony sentences. However, Senate Bill 2, R.C. 2953.08(G) (1) requires the court to affirmatively support certain felony sentences on the record.