OPINION
Appellant, Roberto Lozada, appeals from his conviction and sentence, following a plea of no contest, to the fifth degree felony charge of possession of cocaine. Appellant argues that the trial court erred by overruling his motion to suppress on the grounds that evidence was obtained as a result of an illegal pat-down search of his person. We agree and, therefore, reverse appellant's conviction and remand for further proceedings.
The following facts are relevant to a determination of this appeal. On May 6, 1997, appellant was pulled over by Officer C.D. Davies of the Ohio State Highway Patrol for speeding on the Ohio Turnpike. Specifically, appellant was clocked on radar traveling 71 m.p.h. in a 65 m.p.h. zone. Appellant was driving a four-door sedan with two passengers in the back seat. Officer Davies asked appellant for his driver's license, registration, and proof of insurance. Appellant provided the officer with a valid driver's license. The car was owned by one of the back-seat passengers and he provided the officer with the registration and proof of insurance.
Officer Davies asked appellant to step out of the car while he ran a check on his license. He then asked appellant whether he had any weapons and appellant responded in the negative. Officer Davies proceeded to initiate a pat-down search of appellant. He alleges that when he got to the area of appellant's inside jacket pocket, he pulled away "a little bit ever so much," leading the officer to believe that appellant might have something in the pocket that could "hurt" him. In response, Officer Davies reached into appellant's pocket and found two small plastic bags containing a powdery white substance which was later determined to be cocaine.
Appellant was indicted on October 1, 1997, by the Portage County Grand Jury on one count of possession of cocaine, a fifth degree felony, in violation of R.C. 2925.11(C)(4)(a). On December 26, 1997, appellant filed a motion to suppress evidence and requested an oral hearing. On January 13, 1998, an oral hearing was conducted and appellant's motion was overruled. Subsequently, appellant entered a plea of no contest and was found guilty by the trial court. On September 17, 1998, appellant was sentenced to a definite term of imprisonment of six months with credit for time served.
Appellant timely filed a notice of appeal and requested a stay of his sentence pending appeal. The trial court denied appellant's request for a stay, and appellant never sought a stay in this court. Appellant has raised the following assignment of error:
 "Whether the trial court erred as a matter of law and fact by finding that probable cause existed for an intrusive search of appellant's person at the evidence suppression hearing?"
In his sole assignment of error, appellant contends that the trial court erred in overruling his motion to suppress. Specifically, appellant asserts that the pat-down was illegal and, therefore, the cocaine was fruit of the poisonous tree and, hence, should have been suppressed. We agree.
It is undisputed that the stop of appellant for speeding was lawful. It is also clear that pursuant to the United States Supreme Court decision in Pennsylvania v. Mimms (1977),434 U.S. 106, it is acceptable for a police officer to order the driver of a lawfully stopped car to exit the vehicle during an ordinary traffic stop as a precautionary measure. Id. at 110; see, also,State v. Evans (1993), 67 Ohio St.3d 405, 408, 618 N.E.2d 162.
That leads us to the propriety of the pat-down search. Officer Davies claimed that it was a routine safety precaution to conduct a pat-down search for weapons on any motorist stopped for speeding before placing the motorist in the back seat of his patrol car. The state claims that this routine is acceptable pursuant to the Supreme Court of Ohio's decision in Evans. The state, however, has misinterpreted Evans. In Evans, the court specifically relied on Terry v. Ohio (1968), 392 U.S. 1, in holding that a pat-down search for weapons is allowable when, based upon the totality of the circumstances, the police officer has a reasonable suspicion that the individual is armed and is presently dangerous to the officer. Id. at 408. The court stated:
 "Under Terry, a limited protective search of the detainee's person for concealed weapons is justified only when the officer has reasonably concluded that `the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others * * *.' Id. at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 908. Justice Harlan's concurring opinion in Terry emphasizes that `the right to frisk must be immediate and automatic' where the lawfully stopped detainee is under suspicion for a crime of violence. Id. at 33, 88 S.Ct. at 1886, 20 L.Ed.2d at 913. `The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence * * *.' Adams v. Williams (1972), 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617. `Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others.' State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus.
 "A Mimms order does not automatically bestow upon the police officer the authority to conduct a pat-down search for weapons. In analyzing the ensuing Terry frisk, the question we must ask is whether, based on the totality of the circumstances, the officers had a reasonable, objective basis for frisking defendant after ordering him out of the car. See State v. Andrews (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. `The touchstone of our analysis under the Fourth Amendment is always "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security."' Mimms, supra, 434 U.S. at 108-109, 98 S.Ct. at 332, 54 L.Ed.2d at 335, quoting Terry, supra, 392 U.S. at 19, 88 S.Ct. at 1878-1879, 20 L.Ed.2d at 904." Id. at 408-409.
Thus, it is clear that Evans does not permit the routine pat-down of traffic law violators. There simply is no case law to support the state's position to the contrary. Pat-down searches have been upheld where the driver and/or passengers had engaged in furtive movements after being stopped. State v. Bohler (1977),59 Ohio App.2d 327, 394 N.E.2d 1009; State v. Birchfield
(Aug. 26, 1997), Ross App. No. 97CA2281, unreported;State v. Holt (Oct. 30, 1997), Franklin App. No. 97APA04-550, unreported. Additionally, a pat-down search was held to be legal where the driver could not produce a valid driver's license and, thus, was going to be arrested on that basis. State v. Mason (1996),115 Ohio App.3d 187, 684 N.E.2d 1294. But, see, State v.Henderson (Sept. 4, 1992), Miami App. No. 91 CA 55, unreported, where the Second District Court of Appeals held that a pat-down search which had been conducted merely because the police officer had caught the driver of the vehicle in a lie about the identification of a passenger was impermissible.
In the present case, there was no reasonable, objective basis for Officer Davies to pat-down appellant, based upon the totality of the circumstances. The only potential basis was the action of appellant in pulling away when the officer attempted to pat-down appellant's coat pocket, however, that was part of the illegal pat-down which never should have been initiated. Additionally, even if the pat-down were justified, there was no reason to reach into appellant's pocket. Accordingly, the pat-down of appellant in this case was illegal. The trial court erred in overruling appellant's motion to suppress.
Appellant's sole assignment of error is sustained.
The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
CHRISTLEY, P.J., concurs,
O'NEILL, J., dissents with dissenting opinion.