**The STATE of Ohio, Appellee,**

v.

**DiGIORGIO, Appellant.**

[Cite as *State v. DiGiorgio* (1996), 117 Ohio App.3d 67.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15861.

Decided Dec. 27, 1996.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Timothy Young,* Montgomery County Assistant Public Defender, for appellant.

WOLFF, Judge.

James DiGiorgio entered a plea of no contest to drug abuse. The trial court made a finding of guilty, imposed and suspended an eighteen-month prison sentence, placed DiGiorgio on probation of up to five years, and imposed a six-month driver's license suspension. Execution of the suspension was stayed pending appeal.

DiGiorgio's assignment of error on appeal arises out of his unsuccessful motion to suppress evidence:

"The trial court erred in denying appellant's motion to suppress the alleged crack cocaine as the police had no grounds to arrest appellant and, therefore, no reason to subject the vehicle to an inventory search."

During the evening of September 27, 1995, DiGiorgio was driving his mother's car when he was stopped by Dayton Police Officer Terry Zimmerman for two unsignaled right turns. Officer Zimmerman arrested DiGiorgio for driving without a driver's license, a violation of R.C. 4507.02(A)(1). Pursuant to his arrest of DiGiorgio, Officer Zimmerman did an inventory search of the automobile DiGiorgio had been driving. Officer Zimmerman found crack cocaine in the car. Officer Zimmerman confronted DiGiorgio with what he had found and proceeded to admonish DiGiorgio of his *Miranda* rights, after which DiGiorgio made certain incriminating statements.

DiGiorgio sought to suppress as evidence the crack cocaine and his statements on the basis that they were the fruits on an unlawful arrest for driving without a driver's license. DiGiorgio contends that he was unlawfully

arrested because he furnished Officer Zimmerman with satisfactory proof that he was validly licensed, even though he was unable to produce his actual driver's license when requested to do so by Officer Zimmerman. See *Columbus v. Henry* (1995), 105 Ohio App.3d 545, 550, 664 N.E.2d 622, 625–626. Based on the specific facts of this case, we agree with DiGiorgio. Accordingly, we sustain his assignment of error, and we will reverse the judgment of the trial court.

R.C. 4507.35 provides in pertinent part as follows:

"The operator of a motor vehicle shall display his license, *or furnish satisfactory proof that he has such license,* upon demand of any peace officer * * *. Failure to furnish satisfactory evidence that such person is licensed * * * when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license." (Emphasis added.)

When DiGiorgio was stopped, Officer Zimmerman approached him as he sat in the car he had been driving. Although DiGiorgio was unable to furnish a driver's license upon Officer Zimmerman's request, he did provide him with his name, Social Security Number, and address, and he also told Officer Zimmerman that he was driving his mother's car. Officer Zimmerman ran this information, and presumably the number of the license plate on the car DiGiorgio had been driving, through the KDT computer terminal in his cruiser. This computer check verified that the car DiGiorgio had been driving was registered to a female with the last name DiGiorgio, and that a James DiGiorgio possessed a valid driver's license. Officer Zimmerman nevertheless arrested DiGiorgio for not having a driver's license because DiGiorgio was unable to furnish proof satisfactory to Officer Zimmerman that he was the same person as the James DiGiorgio that the computer check verified as being properly licensed. Officer Zimmerman testified that it is not uncommon for people to provide police officers with false information as to their identities, and that when these people are issued citations rather than arrested, they fail to appear in court, resulting in arrest warrants being issued for persons other than those to whom the citations had been given.

The precise issue in this case is whether DiGiorgio furnished Officer Zimmerman with satisfactory proof, within the contemplation of R.C. 4507.35, that he was a validly licensed driver, so as to render his arrest for driving without a driver's license unlawful.

■ Courts must apply a standard of objective reasonableness in determining what type of proof is satisfactory. In other words, regardless of whatever subjective doubt Officer Zimmerman may have harbored about DiGiorgio—the person in his presence—being the same person as the validly licensed James DiGiorgio verified by the computer check, was it objectively reasonable for Officer Zimmerman to reject, as satisfactory proof that DiGiorgio was validly

licensed, the information that DiGiorgio furnished to him which, when run through the computer, revealed that a James DiGiorgio was a licensed driver?

On the specific facts of this case, we conclude that Officer Zimmerman's rejection of this information as satisfactory proof that DiGiorgio—the person in his presence—was validly licensed was objectively unreasonable. We base our conclusion on the fact that DiGiorgio furnished Officer Zimmerman with a Social Security Number which, when run through the computer along with DiGiorgio's name and address, established that a James DiGiorgio was a licensed driver. While an imposter might, with relative ease, be able to furnish the name and address of the person whose identity he assumes, it is less likely that he will be able to furnish that person's Social Security Number. While it was possible that an impostor furnished DiGiorgio's name, address, and Social Security Number to Officer Zimmerman, we believe that possibility to be so remote as to render objectively unreasonable Officer Zimmerman's rejection of the information from DiGiorgio and from the computer check of that information as satisfactory proof of DiGiorgio's having a driver's license.

 We hasten to emphasize that our resolution of this appeal is based on its particular facts. We reject DiGiorgio's apparent contention that any KDT computer verification is satisfactory proof of licensure. Indeed, had DiGiorgio furnished only a name and address, and had the computer check revealed that a James DiGiorgio was validly licensed, Officer Zimmerman may have nevertheless reasonably entertained doubt about whether DiGiorgio—the person in his presence—was the same person as the validly licensed James DiGiorgio.

It is, of course, the computer verification of the information furnished by DiGiorgio that undercuts the state's reliance on *State v. Satterwhite* (Jan. 25, 1995), Montgomery App. No. 14699, unreported, 1995 WL 29200. *Satterwhite* was concerned with "satisfactory evidence of * * * identity," which a person must offer to avoid arrest for a minor misdemeanor. R.C. 2935.26(A)(2). In that case, Lea Satterwhite could offer only her truthful representations as to her identity, which the arresting officers were unable to verify with the computer in their cruiser. Noting that the arresting officers did not know that Satterwhite's representations as to her identity were true, we held that those truthful representations, without more, did not satisfy the "satisfactory evidence * * * of identity" requirement of R.C. 2935.26(A)(2).

We stated in *Satterwhite* that R.C. 2935.26(A)(2) did not "create a requirement that citizens carry and produce 'papers' to prove who they are." Nor do we think, for reasons stated above, that R.C. 4507.02(A)(1) and 4507.35 require that drivers carry and produce "papers" to prove they are validly licensed. By the same token, police officers are entitled to a reasonable degree of skepticism in determining whether persons they suspect of criminal activity are actually the

same persons they purport to be. Accordingly, while these statutes do not require "papers," "papers" may, in many cases, be the only "satisfactory evidence" of identity or the only "satisfactory proof" of having a driver's license.

For the reasons stated above, the assignment of error is sustained, and the judgment will be reversed.

*Judgment reversed.*

BROGAN, P.J., and GRADY, J., concur.