JOURNAL ENTRY AND OPINION
Plaintiff-appellant State of Ohio appeals the trial court's granting of defendant-appellee Nyary Killingsworth's motion to suppress.
At the motion to suppress hearing, Officer Stucin and defendant testified. Stucin stated he and his partner were conducting regular patrol duties when he noticed a car drive through a stop sign. Upon making the initial stop, Stucin and his partner approached the driver and asked him for identification. The driver, who later turned out to be defendant, explained to the officers his driver's license was being held by the Cleveland Municipal Court. Defendant claims at this point he offered a "receipt" to the officers from the Cleveland Municipal Court in order to prove he was a licensed driver. Stucin testified defendant never provided any receipt.
Subsequently, Stucin arrested defendant because "[h]e had no valid State of Ohio identification." The officers proceeded to search defendant and they discovered a pack of rolling papers in his left rear pocket. Upon closer inspection, the officers noticed a piece of folded tin foil which contained a substance they believed to be marijuana. The officers also noticed a strong pungent odor, which based on their experience, indicated the presence of PCP. The officer then advised defendant he was being placed under arrest for possession of drugs.
Defendant stated he was placed in the rear of the police car and was questioned as to his address, social security number, and date of birth. Stucin used the LEADS computer system to check the validity of the information provided by defendant. The computer system indicated defendant was a black male, five-foot, nine inches tall, with black hair and brown eyes, weighing approximately two-hundred and ten pounds. The physical description matched defendant's appearance. The system revealed defendant was a licensed driver.
Stucin stated other items he personally seized from defendant later tested positive for crack cocaine and the marijuana tested positive for PCP. Defendant was charged with possession of crack cocaine and PCP in violation of R.C. 2925.11. On June 9, 1998, defendant filed a motion to suppress arguing the evidence obtained after his arrest for not having a driver's license was the result of an unconstitutional search and seizure. A hearing on the motion to suppress was held. After hearing the testimony of Officer Stucin and defendant, the trial court granted defendant's motion to suppress. The trial court relied onState v. DiGiorgio (1996), 117 Ohio App.3d 67, in finding the officers failed to provide defendant with an opportunity to furnish information that, when used with the LEADS computer system, would have proved defendant was a licensed driver.
The State timely filed its notice of appeal and now presents a single assignment of error which reads as follows:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED APPELLEE'S MOTION TO SUPPRESS EVIDENCE ON THE BASIS THAT CLEVELAND POLICE OFFICERS STUCIN AND MIZIKAR WERE OBJECTIVELY UNREASONABLE FOR ARRESTING APPELLEE FOR FAILURE TO PROVIDE SATISFACTORY PROOF OF A VALID DRIVER'S LICENSE PURSUANT TO CLEVELAND MUNICIPAL ORDINANCE 435.06 AND R.C. 4507.35.
The State maintains the trial court erred in granting defendant's motion to suppress the cocaine and PCP as defendant failed to furnish satisfactory proof that he possessed a driver's license. In support of its argument, the State claims defendant's excuse that his license was being held by the Cleveland Municipal Court and the receipt he offered, which was not completely filled out, were clearly not in compliance with R.C. 2937.221. Moreover, the State submits the trial court conceded the receipt was not evidence that defendant possessed a properly-issued receipt in lieu of a driver's license. Lastly, the State contends defendant could not substantiate ownership of the vehicle he was driving as he alleged because it belonged to his girlfriend's father and he did not have a title or registration.
Defendant was charged with violating Cleveland Municipal Code Ordinance 435.06, which mirrors R.C. 4507.35, Display of License. That section states:
 "The operator of a motor vehicle shall display his license, or furnish satisfactory proof that he has such license, upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. When a demand is properly made and the operator has his license on or about his person, he shall not refuse to display said license. Failure to furnish satisfactory evidence that such person is licensed under sections 4507.01 to 4507.30 of the Revised Code when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license." (Emphasis added.)
Thus, the issue on appeal is whether defendant furnished the officers with satisfactory proof, within the parameters of Ord. 435.06, that he was a licensed driver, so as to render his arrest for driving without a license unlawful.
This issue was most recently addressed in State v.Satterwhite (1997), 123 Ohio App.3d 322. Satterwhite was stopped by police officers and responded that he did not have any identification. He was then arrested and placed in the back of the police cruiser. The police asked for Satterwhite's name and social security number and put this information into the LEADS computer system. The computer verified Satterwhite's name, social security number and physical description. Based on these facts the court held Satterwhite was denied an opportunity to offer satisfactory evidence of his identity because the police made no attempt to ascertain his identity before arresting him and placing him in the cruiser. The court supported this holding by finding the police had the means to verify Satterwhite's identity through either the use of their computer or speaking with Satterwhite's girlfriend who accompanied him.
Similarly, in State v. DiGiorgio (1996),117 Ohio App.3d 67, DiGiorgio was stopped by the police and asked to provide identification. DiGiorgio was unable to produce a driver's license but did provide the officer with his name, social security number and address, and told the officer he was driving his mother's car. The officer ran a computer check which revealed the car DiGiorgio had been driving was registered to a female with the last name DiGiorgio and that James DiGiorgio possessed a valid driver's license. The officer arrested DiGiorgio for failing to furnish satisfactory proof that he was the James DiGiorgio verified by the computer check.
On appeal, the court reversed the trial court's decision denying DiGiorgio's motion to suppress and held DiGiorgio furnished the officer with sufficient proof that he was a validly licensed driver when he provided the officer his name, address and social security number. The court based its holding on the specific facts of DiGiorgio, but stated that having the ability to run a computer check or being supplied with an offender's name and address does not suffice for satisfactory proof of identity.
In the present case, Officer Stucin testified he arrested defendant because defendant did not display his license when asked to do so by a police officer. Stucin was asked on cross-examination whether he gave defendant the opportunity to furnish satisfactory proof that he had a license and he responded:
 "Yes. When he was asked for his driver's license, he couldn't even give us a state ID. He didn't have any proof who he was is who he said he was on his person."
The ordinance in question, 435.06, states a defendant must display his license "or furnish satisfactory proof that he has such license." (Emphasis added). Nowhere in the ordinance does it say a police officer has to question a defendant as to his name, address, or social security number. The language in the ordinance does not create a duty. The burden is on the offender to furnish satisfactory proof that he has a license. Here, defendant testified he provided the officers a Cleveland Municipal Court receipt, and although it was incomplete and unsigned, his name and social security number did appear on the document. Thus, we agree with the trial court's finding, based onDiGiorgio, that providing a name and social security number is satisfactory proof of possession of a license.
As to Satterwhite, we disagree with the court's interpretation of R.C. 4507.35 (identical to Ordinance 435.06) that an officer has to attempt "to verify the defendant's identity before making the arrest." There is simply no language in the statute which creates such a duty.
Accordingly, the state's sole assignment of error is overruled and the trial court's decision to grant defendant's motion to suppress the evidence obtained after his arrest is sustained. We hold defendant furnished Officer Stucin with satisfactory proof that he possessed a license based on his name and social security number being on the Cleveland Municipal Court receipt he provided.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Proqedure.
DIANE KARPINSKI, P.J. PATRICIA A. BLACKMON, J., CONCUR.
 _________________________________ JOHN T. PATTON JUDGE