The STATE of Ohio, Appellee,

v.

ELLISON, Appellant.

[Cite as *State v. Ellison,* 148 Ohio App.3d 270, 2002-Ohio-2919.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19063.

Decided June 14, 2002.

Virginia M. Cooper, Montgomery County Assistant Prosecuting Attorney, for appellee.

Arvin S. Miller, Montgomery County Assistant Public Defender, for appellant.

WOLFF, Presiding Judge.

{¶ 1} Carlos Duane Ellison appeals from a judgment of the Montgomery County Court of Common Pleas, which convicted him of possession of cocaine in violation of R.C. 2925.11(A). Ellison had pled no contest to the charge after the trial court overruled his motion to suppress evidence.

{¶ 2} The events that gave rise to this appeal are as follows.

{¶ 3} On February 6, 2001, at approximately 7:45 p.m., police officers observed a vehicle in which Ellison was a passenger stop in front of a known drug house. Ellison ran into the house for a few moments and then returned to the vehicle. When the vehicle pulled away, the officers stopped it for a cracked windshield violation. As the vehicle pulled to the curb, the officers observed Ellison "slumping down into the seat." The driver did not have a valid license, and Ellison could not produce formal identification, although he did furnish certain identifying information. Ellison was asked to step out of the vehicle, and Officer House conducted a pat-down search, whereupon he felt an object that he knew to be marijuana between Ellison's buttocks. The officers were apparently involved in some type of a scuffle with Ellison in their efforts to remove the marijuana from his pants. They then placed him in the back of the cruiser. Because the officers were not satisfied with the identifying information provided by Ellison, they transported him to the county jail. When they arrived at the jail, House saw that the tongue of Ellison's right boot was pushed down into his shoe, which was not how it had been positioned when he was placed in the cruiser. When the officers searched the rear floorboard of the cruiser where Ellison had been seated, they found a flattened clear plastic baggie containing crack cocaine.

{¶ 4} Ellison was charged with possession of cocaine and entered a plea of not guilty. He filed a motion to suppress the evidence against him. After a hearing

on the motion, the trial court overruled the motion to suppress, and Ellison changed his plea to no contest. The trial court found Ellison guilty. He was sentenced to community control sanctions for a period not to exceed five years, and his driver's license was suspended for six months.

{¶ 5} Ellison raises one assignment of error on appeal:

{¶ 6} "The trial court erred by overruling Mr. Ellison's motion to suppress evidence discovered as a result of being illegally seized and searched."

{¶ 7} Ellison claims that he was illegally arrested for a minor misdemeanor— possession of marijuana—and that the evidence against him, i.e., the crack cocaine, was a product of this illegal arrest. Specifically, Ellison claims that he could only have been arrested pursuant to R.C. 2935.26 if he had failed to provide sufficient identifying information and that he did not fail to provide such information.

{¶ 8} R.C. 2935.26(A)(2) provides that a law enforcement officer shall not arrest a person who commits a minor misdemeanor, but shall issue a citation, unless the offender cannot or will not offer satisfactory evidence of his identity. When a minor misdemeanant is not carrying formal identification, merely saying who he is, along with an address, Social Security number, and date of birth, is not sufficient evidence of his identity. *State v. Hudson* (Jan. 17, 1997), Montgomery App. No. 15757, 1997 WL 18045, citing *State v. Satterwhite* (Jan. 25, 1995), Montgomery App. No. 14699, 1995 WL 29200. Some additional corroboration is required. Id. Police are not required to go to extraordinary lengths to verify identification information, but they cannot avail themselves of the identification exception to the citation-only rule set forth at R.C. 2935.26(A)(2) by refusing to attempt to verify identification information if the means for doing so are readily available. *State v. Terry* (Feb. 28, 1997), Montgomery App. No. 15796, 1997 WL 82807; *Satterwhite,* supra. Courts must apply a standard of objective reasonableness in determining what type of proof is satisfactory. *State v. DiGiorgio* (1996), 117 Ohio App.3d 67, 70, 689 N.E.2d 1018.

{¶ 9} The information available to Officer House about Ellison's identification at the time of his arrest was as follows. Ellison initially indicated that he had identification on his person and then indicated that he did not. From these conflicting answers, House concluded that "this individual did not want me to know who he, in fact, is." When he was unable to produce formal identification, Ellison gave House his name, address, date of birth, and Social Security number. House was able to verify that a person named Carlos Ellison had that date of birth and Social Security number; however, because Ellison did not live in Montgomery County, the officer was apparently unable to verify the address. Ellison was also able to provide some information about his prior encounters with

the police, which were verified by computer data from the cruiser, but he did not have total recall about them.

{¶ 10} At the hearing on the motion to suppress, House testified that he had been given false information numerous times, including dates of births and Social Security numbers, only to find out later that the person was lying. House also testified that because Ellison had been uncooperative, House had felt that he "might not comply with the Court order or order-in date to come and pay the fine or * * * appear in Court for the citation," and that this was part of the reason that he arrested Ellison rather than issue a citation.

{¶ 11} We have held that where a person stopped for a minor misdemeanor furnishes the police officer with his name, address, and Social Security number, and that information is verified by computer, the person has offered satisfactory evidence of his identity. *DiGiorgio*, 117 Ohio App.3d at 70, 689 N.E.2d 1018; *Terry*, supra. "While an imposter might, with relative ease, be able to furnish the name and address of the person whose identity he assumes, it is less likely that he will be able to furnish that person's Social Security Number. * * * [W]e believe that possibility to be so remote as to render objectively unreasonable [the officer's] rejection of the information" provided. *DiGiorgio*, 117 Ohio App.3d at 70, 689 N.E.2d 1018.

{¶ 12} Based on the facts presented in this case, we conclude that House's suspicions about Ellison's identity were not objectively reasonable. As in *DiGiorgio*, the officer verified Ellison's name and Social Security number by computer. Although House was unable to verify Ellison's address, he did have two other pieces of information that had not been available in *DiGiorgio*: a date of birth and information about prior contacts with the police. Ellison provided the proper date of birth and at least some accurate information about prior encounters with the police. The sum of this information was "satisfactory evidence of his identity" under R.C. 2935.26(A)(2) as interpreted by this court. Moreover, while we recognize that concern for whether a minor misdemeanant will appear in court following the issuance of a citation is part of the rationale behind the identity exception to the citation-only rule of R.C. 2935.26(A), see *Satterwhite*, supra, this concern, in itself, cannot justify an arrest where the minor misdemeanant has provided verifiable evidence of his identity.

{¶ 13} The assignment of error is sustained.

{¶ 14} The judgment of the trial court will be reversed.

Judgment reversed.

FAIN, J., and FREDERICK N. YOUNG, JJ., concur.