**The STATE of Ohio, Plaintiff,**

v.

**ROBLERO, Defendant.**

2005-Ohio-4805.]

Hamilton County Municipal Court, Ohio.

No. 05TRD13702.

Decided June 1, 2005.

Thomas O. Beridon, for plaintiff.

Aleshia Politsky, for defendant.

MATTINGLY, Judge.

{¶ 1} Defendant, Isael Roblero, is charged with driving without a valid license in violation of R.C. 4510.12. The parties have stipulated that Roblero is not a licensed driver in Ohio.

{¶ 2} On March 20, 2005, at about 9:00 p.m., Cincinnati Police Officer Dwight Pewett stopped Roblero after he observed him on Glenway Avenue in Cincinnati failing to move forward, even when the traffic light in front of him was green and even though the officer honked at him several times to urge him to do so. Defendant, however, did move through the intersection when the light turned red. Concerned that the defendant might be impaired, Officer Pewett initiated a traffic stop.

{¶ 3} Officer Pewett testified that the defendant, who spoke limited English, told him that he had been living in Ohio and that he did not have a green card. Despite a language barrier, the officer believed that defendant stated that he had been in the United States for two years. When asked, defendant produced what he asserted was a valid driver's license from Mexico but no proof of insurance. Officer Pewett ticketed defendant, but let him go since he was on his way to work.

{¶ 4} Roblero testified at a hearing that he was not a resident of the United States and had no Social Security number or work visa. He denied that he had entered the United States illegally but had no documentation to confirm his legal status here. Roblero stated that he has resided in Ohio for at least a year, staying with friends, sleeping on the couch in their living room, and driving his own car. He said that he has no intention to stay in the United States but offered no testimony that he is a resident or citizen of Mexico.[1]

{¶ 5} At a hearing on this matter, Roblero defended against this charge on two separate bases. First, he asserted that his valid Mexican license,[2] issued November 17, 2003, and allegedly valid until November 17, 2006, is entitled to full faith and credit under the United Nations Convention on Road Traffic.[3] In the alternative, he contends that the state has failed to prove that he was required to obtain an Ohio license at all, since he is a nonresident of the state and therefore entitled to an exemption from the licensing requirement under the provisions of

---

1. When asked when he left Mexico, he replied through a translator that he was born there.

2. This document was initially referred to by Officer Pewett as an international license, but was later identified as a license from Mexico.

3. This argument was made by counsel at trial but apparently later abandoned.

R.C. 4507.04. Each argument will be considered separately, but the court finds that neither affirmative defense to the charge has been proven.

■ {¶ 6} As to the first defense that Roblero has raised, specifically the provisions of the United Nations Convention on Road Traffic, the defendant must show by a preponderance of the evidence (1) the existence of the treaty (2) of which he is a beneficiary and (3) that, as a matter of law, the treaty supports his claim. See, for example, *State v. Posenjak* (2005), 127 Wash.App. 41, 111 P.3d 1206.

{¶ 7} This first affirmative defense fails because Mexico is not a signatory to the United Nations Convention on Road Traffic. Thus, its licensees cannot claim the benefit of its terms. A second treaty entitled Organization of American States Convention on Regulation of Inter–American Motor Vehicle Traffic ("Convention"), however, has been signed by both the United States and Mexico and may be applicable to these facts.

{¶ 8} Pursuant to Articles I and VII of the Convention, each contracting state agrees to allow motor-vehicle operators to travel on the highways of any of the contracting states as specified in the Convention. Article VI states the basis on which drivers of other nations may operate motor vehicles in the United States:

> Every motor vehicle operator before admission to international traffic shall have such driving license as may be required by the laws of his State * * * thereof having legal authority to issue driving licenses.

■ {¶ 9} If the defendant can demonstrate that he has a valid Mexico license and is therefore within the terms of the treaty, this law supersedes any Ohio law requiring persons who are nonresidents to obtain an Ohio license or be in violation of Ohio's licensing provisions.[4] Proof of the applicability of the treaty provisions is in the nature of an affirmative defense to the licensing requirements of Ohio. As defined in R.C. 2901.05,[5] an affirmative defense is

---

**4.** As noted in *Busby v. Alaska* (2002), 40 P.3d 807, 809, fn. 2, Article VI of the United States Constitution declares that "all Treaties made * * * under the Authority of the United States * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Thus, the "treaty-making power [of the federal government] is independent of and superior to the legislative power of the states." See *Nielsen v. Johnson* (1929), 279 U.S. 47, 52, 49 S.Ct. 223, 73 L.Ed. 607.

**5.** Although R.C. 2901.05 is part of the criminal code, its provisions are equally applicable to affirmative defenses raised in traffic cases. See, for example, *State v. LaVictoire* (Aug. 21, 1978) Mahoning App. No. 78 C.A. 48, 1978 WL 215042; *Grove City v. Boothe* (June 1, 1976), Franklin App. No. 75AP–679, 1976 WL 189817.

A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence.

{¶ 10} As further noted in R.C. 2901.05, the burden of going forward with the evidence of an affirmative defense and the burden of proving an affirmative defense by a preponderance of the evidence are upon the accused.

{¶ 11} The question then becomes whether Roblero has proven by a preponderance of the evidence that he is within the terms of the Convention and is therefore entitled to drive in Ohio without obtaining an Ohio driver's license. To come within the terms of the Convention, he must demonstrate that he is a resident of a signatory country and validly licensed in that country. As to the first point, no testimony was adduced at trial herein that Roblero is or was at the time his license was issued, a resident or a citizen of Mexico. Moreover, beyond the bare presentation of what he alleges is a valid Mexico license, Defendant has presented no evidence from any official licensing authority in Mexico that he was validly licensed in Mexico at the time of this offense. The court declines to find that merely producing what the defendant asserts is a valid Mexico license proves by a preponderance of the evidence that he is validly licensed to drive in Mexico. Article VII of the Convention is instructive in this regard:

Each State or its political subdivisions shall maintain central bureaus of registration with facilities for the exchange of information with other States as to registration of vehicles and operators.

{¶ 12} In Ohio, merely presenting a license does not prove that a driver's license is valid.[6] Rather, what is required is "satisfactory proof" of a valid driver's license. See, for example, *State v. DiGiorgio* (1996), 117 Ohio App.3d 67, 689 N.E.2d 1018.[7]

{¶ 13} In summary, since there was no testimony at trial that Roblero is a citizen of Mexico, he has not shown by a preponderance of the evidence that he is entitled to benefit from the provisions of the Convention. Moreover, he has not shown by a preponderance of the evidence that he is validly licensed by Mexico.

---

6. Defendant in his brief asserts that the state has not challenged the validity of his Mexico license. However, when presenting an affirmative defense, it is defendant's burden to prove his entitlement to an exemption from the requirements of Ohio's licensing law.

7. Under R.C. 4507.35, when a person presents their license upon the request of an officer, the officer has information necessary to determine its validity through consulting the records of the Ohio Bureau of Motor Vehicles. Other satisfactory proof is giving one's Social Security number, name, and birth date to allow the officer to verify the license without physically possessing the license itself. Patently, Roblero has not presented any method of proving that he has a valid Mexico license other than to present the license itself.

Thus, defendant has failed to prove by a preponderance of the evidence that any treaty precludes a finding of guilty of violating R.C. 4510.12.[8]

{¶ 14} The second affirmative defense that defendant asserts is that he is a nonresident of Ohio and as such, is exempt from the requirement of obtaining an Ohio license under R.C. 4510.12. If Roblero relies on the "nonresident" exemption stated in R.C. 4510.12, he must prove that he is a nonresident by a preponderance of the evidence.

{¶ 15} R.C. 4510.12 states as follows:

(A)(1) No person, except those expressly exempted under sections 4507.04, and 4507.05 of the Revised Code, shall operate any motor vehicle upon a public road or highway ... unless the person has a valid driver's license issued under Chapter 4507 of the Revised Code ...

{¶ 16} The exemption described in R.C. 4507.04 on which defendant relies states:

Nonresidents, *permitted to drive upon the highways of their own states,* may operate any motor vehicle upon any highway in this state without examination or license under 4507.01 to 4507.39 * * * upon condition that such nonresidents may be required at any time or place to prove lawful possession, or their right to operate, such motor vehicle, and to establish proper identity. (Emphasis added.)

{¶ 17} The term "state" as used in this section is defined in R.C. 4501.01(Z) and is applicable by virtue of R.C. 4507.01(A). It includes only "the territories and federal districts of the United States, and the provinces of Canada".

{¶ 18} Since the only nonresidents entitled to the exemption stated in R.C. 4507.04 are the residents of other states, the District of Columbia, and the provinces of Canada, defendant cannot counter a charge brought under R.C. 4510.12 by alleging some connection with Mexico. Likewise, R.C. 4510.61, cited by the state as governing reciprocal recognition of licensing, defines "state" as a "state, territory, or possession of the United States, the District of Columbia, or the Commonwealth of Puerto Rico."

{¶ 19} Thus, no provision of Ohio law exempts defendant from the state's licensing provisions, even if he could demonstrate that he is a nonresident licensed by Mexico. For this reason, whether Roblero is a resident or nonresident of Ohio is irrelevant to determination of this case.

---

8. Moreover, in the Convention, there is no so-called "tourist exception" as urged by defendant in his trial brief. In that respect, this document differs significantly from the United Nations Convention on Road Traffic signed in Geneva in 1949. There is no evidence that defendant claimed at trial that he was, in any sense, a tourist.

12

{¶ 20} Nevertheless, even if defendant were shown to be a nonresident under R.C. 4510.12(A)(1), defendant must prove that he is validly licensed in another state as defined by the statute. Defendant's actions, as observed by Officer Pewett, are circumstantial evidence that defendant may not be validly licensed.[9]

{¶ 21} The court finds that defendant Roblero has failed to prove his affirmative defense based on R.C. 4507.04(A)(1). The court further finds that (1) defendant has no Ohio license, (2) he was driving a motor vehicle in Ohio, and (3) defendant is not exempt from Ohio's licensing requirements based on Ohio law or the treaty obligations of the United States. The state has proven beyond a reasonable doubt that Roblero is guilty of driving without a license in violation of R.C. 4510.12.

So ordered.

---

9. Specifically, stopping at a green light and moving forward when the light turns red.