OPINION
{¶ 1} Collins appeals from his conviction of carrying a concealed weapon. On January 2, 2005, a Dayton police officer observed Collins, in a Ford Focus, executing an unsignaled turn. The officer ran the license plate through the KDT computer terminal in his cruiser and determined that the car was a rental. The officer stopped the car for failure to signal, a minor misdemeanor. When the officer asked Collins for his license, Collins stated that he did not have it with him, nor did he have the rental papers for the car. The officer did not ask Collins for his social security number or date of birth. The officer removed Collins from the car and placed him under arrest for failure to display his driver's license, a first degree misdemeanor in violation of R.C. 4507.35. The officer noted that Collins seemed nervous. The officer then noticed a winter coat between the front seats of the car that appeared to have something under it. The officer searched the car and found a shotgun underneath the winter coat. Collins was booked into the Montgomery County jail on one charge of carrying a concealed weapon, in violation of R.C. 2923.12(A)(1).
 {¶ 2} On March 25, 2005, Collins filed a Motion to Suppress. At the hearing on the motion, the trial court found that the stop of Collins' vehicle was proper due to Collins' failure to signal a turn. The court also found that the arresting officer erred in arresting Collins for failure to display his license under R.C.4507.35, because the statute only prohibits failure to display a license in one's physical possession, and Collins did not have his license with him. The lower court's decision concluded however that, "the improper charge would be of no consequence if Defendant was properly arrested under O.R.C. Section 2935.26." The trial court concluded that, because Collins "had no corroboration to support that he was who he said he was * * * [and] no evidence that he was in rightful possession of the Ford Focus * * * [his] arrest was proper and the subsequent search of the Ford Focus was valid without a warrant." After denial of his Motion to Suppress, Collins pled no contest to the weapons charge on May 18, 2005.
 {¶ 3} Collins' sole assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE FOUND IN THE AUTOMOBILE HE WAS DRIVING"
 {¶ 5} "Initially, we must determine our standard of review in regard to the trial court's decision on a motion to suppress. When reviewing facts, the appellate court must accept the findings of the trial court as long as they are supported by competent and credible evidence. (Internal citations omitted.) However, the appellate court reviews application of the law to the facts de novo." State v. Lander (Nov. 24, 1999), Montgomery App. No. 17635.
 {¶ 6} Collins argues that he was not given an opportunity to provide evidence of his identity, as R.C. 2935.26 requires, "and thus his custodial arrest was improper."
 {¶ 7} The State did not initially address Collins' assignment of error, arguing instead that, because Collins failed to submit a written transcript of the hearing, "the record before the court is insufficient to portray the assigned error," pursuant to App. R. 9(A). According to the state, we were bound to affirm the trial court due to Collins' failure to comply with App.R. 9(A).
 {¶ 8} In Reply, Collins argued that the State's response "is gamemanship," and that "a written transcript is required only when necessary."
 {¶ 9} Collins misstated App. R. 9, which provides in relevant part that "[w]hen the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to their briefs."
 {¶ 10} In the absence of a transcript, a "presumption of regularity in the proceedings of the trial court" applies. Statev. Smith, Montgomery App. No. 20835, 2005-Ohio-5588.
 {¶ 11} It was within our discretion either to decline to view a transcript submitted in the videotape medium and presume regularity of the proceedings below, or to view the videotape and address the merits of the appeal. Due to the brevity of Collins' suppression hearing, we chose to address the merits of his appeal. On June 12, 2006, we gave the State 30 days to file a supplemental brief responding to the merits of Collins' assigned error. On June 27, the State filed a Supplemental Brief, arguing that "Collins' Fourth Amendment rights were not violated because regardless whether his arrest was valid, had Collins not been arrested, the officers could have searched the passenger compartment of the vehicle for their own safety before returning him to the vehicle, and the concealed weapon would have been located."
 {¶ 12} After reviewing the videotape, we agree with the trial court that Collins was lawfully stopped. The record, however, does not demonstrate a proper arrest for either failure to display a valid license or failure to signal. The trial court erred when it determined that Collins was properly arrested under R.C. 2935.26, which provides that, for the commission of a minor misdemeanor, a law enforcement officer must issue a citation in lieu of arrest unless "the offender cannot or will not offer satisfactory evidence of his identity." It is undisputed that the arresting officer did not give Collins the opportunity to provide his date of birth, social security number, or another form of identification. While "police officers are entitled to a reasonable degree of skepticism in determining whether persons they suspect of criminal activity are actually who they purport to be," it was incumbent upon the arresting officer to give Collins the opportunity to provide satisfactory evidence of his identity. State v. DiGiorgio, 117 Ohio App.3d 67, 70-71,689 N.E.2d 1018 (holding that the offender's provision of his name, social security number and address, along with the information that he was driving his mother's car, constituted satisfactory proof of identity in lieu of a driver's license).
 {¶ 13} Having determined that Collins' arrest was unlawful, we turn to whether the shotgun found in the vehicle should have been excluded. "`The exclusionary rule is a judicially created remedy applied to exclude evidence from the government's case in chief when it has been obtained by police through an illegal search or seizure in violation of the Fourth Amendment.'" Statev. Cranford, Montgomery App. No. 20633, 2005-Ohio-1904. "The relevant question is `whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Id. (quoting Wong Sun v. United States (1963),371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 441).
 {¶ 14} "[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and the suspect may gain immediate control of weapons." State v. Tudor (March 28, 1989), Greene App. No. 88-CA-46 (reversing the grant of defendant's motion to suppress where, after observing "some movement as if [defendant] was trying to conceal something under the seat" of the car, the arresting officer's "search was narrowly confined to the area toward which the defendant's suspicious conduct was directed").
 {¶ 15} According to the State, the arresting officer "was concerned that there might be a weapon involved," however nothing in the record supports this assertion. Collins was cooperative and did not engage in any conduct such as furtive movements that would warrant reasonable suspicion he was armed. Contextually, this was an uneventful misdemeanor traffic stop. It is evident instead that Collins' unlawful arrest occasioned the search of his vehicle, and the shotgun "bears a sufficiently close relationship to the underlying illegality" to warrant exclusion. Id. The trial court erred in overruling Collins' Motion to Suppress. Collins' assignment of error is sustained. Judgment reversed and remanded for further proceedings consistent with this opinion.
Brogan, J. and Wolff, J., concur.